UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
:
:
IN THE MATTER OF THE APPLICATION OF  :         Miscellaneous Action No. _____
WP COMPANY LLC d/b/a THE                       :
WASHINGTON POST FOR ACCESS TO        :         ORAL HEARING REQUESTED
CERTAIN SEALED COURT RECORDS          :
:
:
---------------------------------------------------------------- x

## MOTION FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS

WP Company LLC d/b/a The Washington Post (the "Post"), by and through its undersigned counsel, for the reasons stated herein and in the accompanying Memorandum of Points and Authorities in support hereof, respectfully moves the Court pursuant to Local Criminal Rule 57.6, for an Order unsealing certain sealed court records, including legal memoranda and evidentiary submissions and the unredacted transcripts of certain hearings, in the criminal case captioned *United States v. Paul J. Manafort, Jr.*, Criminal Action No. 17-0201-01 (ABJ).  In particular, the Post seeks the unsealing of the unredacted versions of the documents (including any accompanying exhibits) filed by the parties in connection with the assertion by the Office of Special Counsel ("OSC") that defendant Paul J. Manafort (the "Defendant") breached his plea agreement by lying to investigators about several material issues (ECF Nos. 461, 470, 477, 481, 502, 507, 533-1, and 538-1); the complete transcript of the two hearings the Court held in connection with the breach allegations on February 4, 2019 (the "Feb. 4 Hearing") (ECF No. 498) and February 13, 2019 (the "Feb. 13 Hearing") (ECF Nos. 514, 535); and the Government's sentencing memorandum and accompanying exhibits (ECF No. 528) (collectively, the "Court Documents").

1

**Factual and Procedural Background**

On October 30, 2017, the Court unsealed the Government's indictment of Defendant Paul J. Manafort, Jr. *See* ECF No. 6. The charges were brought in connection with the investigation of the Russian government's efforts to interfere in the 2016 presidential election by the OSC under Robert S. Mueller III. *See* Office of the Deputy Attorney General, Order No. 3915-2017. On September 14, 2018, the Defendant entered a plea of guilty and entered into a plea agreement with the Government, which was posted on the public docket for the case. *See* ECF No. 422 (the "Plea Agreement").

On November 26, 2018, the parties filed a Joint Status Report notifying the Court that the Government believed the Defendant had breached the Plea Agreement by making false statements to the Federal Bureau of Investigation and the OSC on a variety of matters. *See* ECF No. 455 ¶¶ 3-4. The Defendant denied providing untruthful information, but agreed that the case should proceed to the sentencing phase. *Id.* ¶ 5. On November 30, 2018, the Court asked the parties to make submissions on the alleged breach. On December 4, 2018, the Government moved for leave to file its submission under seal, with a redacted version of the public docket, which motion the Court granted. *See* ECF No. 459-60, and Minute Order entered Dec. 7, 2018. Thereafter, the parties submitted a series of filings, including legal argument and documentary evidence, on whether the Defendant made material misstatements to the OSC or other law enforcement investigators. Each of those filings was made under seal, with leave of court, typically with a redacted version placed on the public docket. *See* ECF Nos. 459, 469, 474, 480, 503, 504, 533 and 538 (Motions for leave to file documents under seal); 472, 476, 482, 505, 536 (publicly available redacted versions of sealed filings)). The Government's stated reasons for filing the documents under seal was that the redacted portions of the documents "relate to

ongoing law enforcement investigations or uncharged individuals, and public disclosure of certain information in the submission could unduly risk harming those efforts." ECF No. 459 at 1.

The Court held hearings in connection with the breach issue on February 4 and 13, 2019, and ordered the parties to agree on redactions to the transcripts of those hearings. A redacted version of the Feb. 4 Hearing transcript was made available to the public on February 7, 2019. *See* ECF No. 498. A redacted version of the Feb. 13 Hearing transcript was made available to the public on February 15, 2019 (ECF No. 514), with a slightly less redacted version of the transcript made available to the public on February 27, 2019 (ECF No. 535).

On February 13, 2019, the Court issued an Order determining that the Government had established by a preponderance of the evidence that the Defendant had intentionally made false statements on three of the five topics raised by the government. *See* Order, ECF No. 509 (the "Breach Order"). The Court explained that the determination "bears upon the applicability of certain provisions of the Sentencing Guidelines," and "more generally on the Court's assessment of the factors set forth in the sentencing statute, 18 U.S.C. § 3553(a)." *Id.* at 3.

On February 22, 2019, the Government filed its sentencing memorandum as to the Defendant (along with several hundred pages of exhibits) under seal (ECF No. 524), and a redacted version of the memorandum and exhibits was made available on the public docket on February 26, 2019 (ECF No. 528).

On February 27, 2019, the Government filed a supplemental memorandum that appeared to revise the Government's allegations that the defendant had made misstatements on one or more of the five issues addressed in the Breach Order. A heavily redacted version of that memorandum was made available on the public docket, with the full version placed under seal.

*See* ECF Nos. 533, 536.  On March 1, 2019, the Court issued a redacted minute order stating that the Court "appreciates the clarification of the record," and that "the information in the supplemental memorandum [REDACTED] does not alter the Court's determination" set forth in the Breach Order.  *See* Minute Order (Mar. 1, 2019).  On the same day, the Defendant filed under seal a motion to reconsider the Breach Order, which the Court deemed to apply to both the Breach Order and the March 1 minute order.  *See* ECF No. 538; Minute Order (Mar. 4, 2019).

At the Feb. 13 Hearing, counsel for the Defendant raised the question of "the process of unredacted [material] down the road," asking whether there would be a process under which the OSC would notify the Court that a reason for a particular redaction no longer exists.  Feb. 13 Hearing Tr. at 65:4-12.  The Court noted that "usually things have to be triggered by a motion or request by someone," and pointed out that the press had not yet sought unsealing of any material in the case.  *Id.* at 65:13-25.

**Applicant's Interest in the Matter**

The profound public interest in these proceedings—and the OSC investigation in general—cannot be overstated.  The investigation, which concerns the integrity of this country's elections, goes to the core of the interests protected by the First Amendment and has, accordingly, been the subject of extensive public comment and debate.  The Post—along with most major news outlets in the country—has reported extensively on these proceedings, and has a strong interest in more fully reporting on these matters to the public.[1]

---

[1] *See, e.g.,* Rosalind S. Helderman and Tom Hamburger, *Revelations about Manafort's 2016 interactions with Russian associate show special counsel's intense focus on Russia contacts*, Wash. Post (Jan. 13, 2019), https://wapo.st/2FsDMTM; Spencer S. Hsu, *New court filing indicates prosecutors have extensive details on Manafort actions not yet made public*, Wash. Post (Jan. 15, 2019), https://wapo.st/2FAKYNA; Spencer S. Hsu, et al., *Manafort continued Ukraine work in 2018, prosecutors say*, Wash. Post (Feb. 7, 2019), https://wapo.st/2SvwpBZ; Rosalind S. Helderman & Tom Hamburger, *How Manafort's 2016 meeting with a Russian employee at New York cigar club goes to 'the heart' of Mueller's probe*, Wash. Post (Feb. 12,

It is well-settled that the press has standing to challenge closure of court proceedings or sealing of court records.  *See Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 609 n.25 (1982); *Wash. Post v. Robinson*, 935 F.2d 282, 289–90 (D.C. Cir. 1991); Local Criminal Rules 17.2(c) and 57.6.  As further set forth in the accompanying Memorandum of Points and Authorities, the public has a qualified right of access to these judicial records under both the First Amendment and the common law.  To the extent the Court cannot make specific findings establishing that a compelling interest requires continued sealing of the Court Documents, and that the redactions in place are narrowly tailored to achieve that interest, the Court should order the material unsealed.  In addition, given the quick-moving nature of the OSC investigation and the intense public interest in these proceedings, the Post respectfully requests that the Court implement a procedure pursuant to which the parties must regularly reassess whether continued sealing of any material is necessary, and promptly seek unsealing should the reasons for any sealing dissipate.

**Relief Requested**

WHEREFORE, for the reasons stated herein and in the accompanying and Memorandum of Points and Authorities in support hereof, the Post respectfully requests that the Court enter an Order unsealing the requested Court Documents, to the extent the Court cannot determine that continued sealing of any of the sealed material meets the tests for closure under both the First Amendment and common law rights of public access to court proceedings and documents; and

WHEREFORE, the Post respectfully further requests that the Court implement a process for the Court and parties to regularly reassess whether continued sealing of any currently sealed

---

2019), https://wapo.st/2N4B5t7; Spencer S. Hsu, *Federal judge finds Paul Manafort lied to Mueller probe about contacts with Russian aide*, Wash. Post (Feb. 13, 2019), https://wapo.st/2N2SiTO.

material is necessary.  In particular, at the time an event occurs that obviates the need for sealing—for example, the release of the final report of the OSC or the indictment of any "uncharged individuals" discussed in the Court Documents—the Government should be required to promptly notify the Court and seek unsealing as appropriate.  And, in any event, the parties should be required to reassess the need for sealing on a reasonably regular basis, such as every four weeks.

REQUEST FOR ORAL HEARING

The Post respectfully requests an oral hearing on this Motion.

Dated: March 7, 2019

                Respectfully submitted,

                DAVIS WRIGHT TREMAINE LLP

                By: /s/ Laura R. Handman

                Laura R. Handman (DC Bar No. 444386)
                Eric J. Feder (DC Bar No. 1048522)
                1919 Pennsylvania Avenue NW, Suite 800
                Washington, D.C. 20006
                Tel.: (202) 973-4200
                Fax:  (202) 973-4499
                Email:  laurahandman@dwt.com
                Email:  ericfeder@dwt.com

                *Attorneys for Petitioner WP Company d/b/a The Washington Post*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of March, 2019, I caused a true and correct copy of the foregoing Motion for Public Access to Certain Sealed Court records, as well as a true and correct copies of the Memorandum of Points and Authorities in support thereof and Proposed Order, to be served by U.S. Mail and electronic mail upon the following:

Counsel for Defendant Paul J. Manafort, Jr.:

Kevin M. Downing
LAW OFFICE OF KEVIN M. DOWNING
601 New Jersey Avenue, NW
Suite 620
Washington, DC 20001
(202) 754-1992
Email: kevindowning@kdowninglaw.com

Richard William Westling
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037
(202) 861-1868
Email: rwestling@ebglaw.com

Thomas Edward Zehnle
LAW OFFICE OF THOMAS E. ZEHNLE
601 New Jersey Avenue, NW
Suite 620
Washington, DC 20001
(202) 368-4668
Email: tezehnle@gmail.com


Counsel for the Government:

Andrew Weissmann
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-1746
Email: aaw@usdoj.gov

Jeannie Sclafani Rhee
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-0800
Email: jsr@usdoj.gov

                                                    /s/ Eric J. Feder
                                                      Eric J. Feder