# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN THE MATTER OF THE APPLICATION OF WP COMPANY LLC d/b/a THE WASHINGTON POST FOR ACCESS TO CERTAIN SEALED COURT RECORDS, | Misc. Action No. 19-0032 (ABJ) |

## ORDER

Pending before the Court is a motion filed by petitioner WP Company LLC d/b/a The Washington Post for public access to certain sealed court records in the criminal case *United States v. Paul J. Manafort, Jr.*, 17-cr-0201-01 (ABJ). Mot. for Public Access to Certain Sealed Court Records [Dkt. # 1] ("Mot."). Petitioner asks the Court to make public the following documents filed under seal in that case:

- in connection with the assertion by the Office of Special Counsel ("OSC") that defendant breached his plea agreement by lying to investigators about several material issues (Dkt. ## 461, 470, 477, 481, 502, 507, 533-1, and 538-1),

- the complete transcript of the hearings regarding the breach allegations held on February 4, 2019 (the "Feb. 4 Hearing") (Dkt. # 498) and on February 13, 2019 (the "Feb. 13 Hearing") (Dkt. ## 514, 535),

- the Government's sentencing memorandum and accompanying exhibits (Dkt. # 528), and

- the unredacted version of the Court's sealed minute order issued March 1, 2019.

Mot. at 1; *see* Mem. of P. & A. in Supp. of Mot. [Dkt. # 1-1] ("Supp. Mem.") (arguing its right to the sealed materials under the First Amendment of the Constitution). The government opposed the motion on the grounds that the information was sealed to protect specific compelling interests, including ongoing investigations and the privacy rights of uncharged third parties, Gov't Response to Mot. [Dkt. # 9] ("Opp."), and petitioner filed a reply. Reply Mem. in Further Supp. of Mot. [Dkt. # 11] ("Reply").

The Court ordered the parties in the underlying criminal matter to confer and inform the Court of their positions on whether any portion of the documents sought by the petitioner could be further unsealed, in full or in part. *See* Minute Order (Dec. 6, 2019). The government and defendant Manafort provided a joint response under seal to the Court on July 20, 2020, identifying the information that, in their view, could be unsealed and the information that should remain under sealed. *See* Joint Filing (SEALED) [Dkt. # 20].[1] They assert that certain information should remain sealed because it reflects information from grand jury proceedings protected by Federal Rule of Criminal Procedure 6(e) or is necessary to protect the privacy interests of certain individuals. *Id.* at 2.

Petitioner recognizes that grand jury proceedings are confidential under Rule 6(e) but asserts that "at least some" of the grand jury material in this matter should be unsealed because it has become public. Supp. Mem. at 12–13 (noting particularly the inadvertent disclosure of allegations that the defendant transferred presidential campaign polling data to Konstantin Kilimnik in the summer of 2016); *see also* Reply at 11 (noting certain information was made public in the March 2019 report of Special Counsel Robert Mueller). Petitioner also asserts that some of the individuals whose names and information were sealed in the court documents because they were not charged with any crimes had since been indicted. *See* Reply at 1 & n.2 (noting the indictments of Roger Stone and Gregory Craig).

Upon consideration of the parties' arguments, the joint submission of the government and defendant Manafort, the applicable law, and the privacy interests of individuals who have not been charged, the Court finds that some of the information sought by petitioner may be unsealed but that some must remain sealed to protect grand jury materials and the identities or identifying information of uncharged individuals. Accordingly, it is ORDERED that petitioner's motion is GRANTED IN PART and DENIED IN PART.

---

1   It appears that the joint proposal concerning the February 13, 2019 transcript was based on the originally redacted version [Dkt. # 514], not the lesser redacted version [Dkt. # 535]. *See* Minute Order (Feb. 26, 2019) (ordering the transcript to be further unredacted); Order [Dkt. # 534] (SEALED) (identifying the information to be unredacted). As such, the joint proposal appears to seek the re-sealing of public information. The instant order only unseals currently sealed information and does not seal public information.

A copy of this order will be filed in *United States v. Manafort*, 17-cr-0201-01 (ABJ).

The Clerk of Court is directed to file the less redacted versions of the requested documents [Dkt. ## 461, 470, 477, 481, 502, 507, 533-1, 538-1, and 528] in *United States v. Manafort*, and is further directed to unseal entirely the sealed minute order of March 1, 2019.

Finally, the court reporter is directed to make available versions of the February 4, 2019 hearing transcript [Dkt. # 498] and the February 13, 2019 hearing transcript [Dkt. ## 514 & 535] that have been further unredacted pursuant to this order.

SO ORDERED.

*/s/ Amy B. Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: May 21, 2021